### J. A. DAVIS, ADM'R, v. J. D. McDOWELL.

(No. 2779, Op. Book No. 4.)

APPEAL from Falls County.　Opinion by WILLSON, J.

§ 380. *Counterclaim; legal requisites of.*　Davis, as administrator of Wicks, sued McDowell on a sworn account.　In the courts below there was no denial by McDowell of the correctness or justice of the account, but on the contrary it was admitted by him to be correct for the full amount thereof, and his only defense was the counterclaim which he pleaded.　This counterclaim was based upon the breach of an alleged contract between Wicks and McDowell, by which McDowell claimed he was to receive from Wicks a commission of fifteen per cent. upon all sales made in Falls county of the Gullet cotton gin, for which gin Wicks was general agent. That sales of said gin had been made in said county by

other parties, and under said contract he was entitled to commissions thereon as charged in his counterclaim. *Held,* that even if appellee had established his counterclaim, which he failed to do, he was not entitled to have it considered and allowed in this suit. His claim was for unliquidated and uncertain damages, founded on a breach of contract, while the claim sued on was founded on a certain demand for goods sold and delivered at a fixed price. [Rev. Stats. art. 649.] Nor did said counterclaim arise out of, nor was it incident to or connected with, the cause of action sued upon, but arose out of an entirely independent alleged contract.

§ **381.** *Practice in court of appeals as to reversing and rendering judgment.* Even where the cause in the lower court has been tried by a jury, still if there is no question of fact which it is necessary should be determined by another trial, this court will reverse the judgment and render such judgment as should have been rendered in the court below.

June 9, 1883.          Reversed and rendered.